UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| V.G.M., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF SALINAS, et al.,<br><br>        Defendants. | Case No.  19-cv-08007-BLF<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL** |

Before the Court is Plaintiffs' administrative motion to file under seal portions of the Minor's Compromise petition in order to protect the identify of minor, V.G.M. *See* Mot., ECF 52. Defendants do not oppose this request. For the reasons stated below, Plaintiffs' motion is GRANTED.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In this District, parties seeking to seal judicial records must follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Courts have granted protective orders to protect confidential settlement agreements. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  In

determining whether a confidential settlement agreement should be sealed, the Court will apply the "good cause" standard. *Id.* at 1210. Additionally, other courts in this Circuit have applied the "good cause" standard to seal the identifying information of minors. *See Cherry v. Clark Cty. Sch. Dist.*, No. 2:11-CV-1783 JCM GWF, 2013 WL 3944285, at *12 (D. Nev. July 22, 2013) ("the public has no legitimate interest in the actual identity of any particular parent or student"); *see also Fotinos ex rel. R.F. v. Fotinos*, No. C 12-953 CW, 2013 WL 1149778, at *2 (N.D. Cal. Mar. 19, 2013) (ordering plaintiff to "file motions to seal documents or portions of documents that contain other sensitive information related to her minor children").

The Court finds that Plaintiffs have articulated sufficient reasons for sealing the Settlement Agreement under the "good cause" standard in arguing that the minor's identity should be protected from public disclosure. *See* Mot. 1. Accordingly, the Court GRANTS Plaintiffs' motion to file the Minor's Compromise petition under seal with the minor's name redacted.

**IT IS SO ORDERED.**

Dated: March 25, 2021

_____
BETH LABSON FREEMAN
United States District Judge